Annie Lewis, plaintiff, appeals the trial court's grant of summary judgment in favor of Cora Diggs, defendant. Having found that the trial court appropriately granted summary judgment in favor of Diggs, we affirm the judgment of the trial court.
 I.
This appeal has its basis in the events surrounding Lewis' purchase of a residential premises owned by Monty Moore on May 9, 1997. Lewis was represented by Diggs, a Relator, in an exclusive agency relationship. Diggs provided Lewis with a Multiple Listing Service description of the home which was prepared by the listing agent, Carl Zavakos of Zavakos Associates. The MLS description noted, among other things, "[n]ew kitchen, beautiful oak cabinets, new plumbing, new electric." (Lewis Depo. Ex. B). Lewis claims that Moore displayed some placards in the home indicating that repairs and renovations had been approved by the City of Dayton. She further claims that, while she was viewing the home, Diggs told her that she did not need a home inspection because the certificates indicated that "everything was up to date." Lewis decided to make an offer on the house, and she claims that in reliance on Diggs' statement that she did not need to have the home inspected, she did not make her offer contingent upon the home satisfactorily passing a home inspection. Moore accepted Lewis' offer and the parties' proceeded to close the deal without a home inspection being completed.
Lewis took immediate occupancy of the home, and, upon taking the occupancy, she learned of numerous problems with the home, including problems concerning the home's structure, plumbing, furnace, and roof. After further investigation, she also learned that the house was in violation of the City of Dayton's housing codes. Lewis alleges that she was not able to live in the residence for over six months and that when she again moved into the residence, she discovered additional problems with the home, including gas leaks in the main gas line. Lewis claims that the housing violations still render the home uninhabitable.
On April 24, 1996, Lewis filed a cause of action against Diggs and Moore, claiming that they had fraudulently induced her to purchase the home. On June 2, 1997, Diggs moved the court for summary judgment. Moore did not move the court for summary judgment as to Lewis' claim against him. On June 27, 1997, the trial court granted Diggs' motion. On August 5, 1997, the trial court issued a supplemental entry and order in accordance with Civil Rule 54(B) finding no just cause for delay for an appeal. Lewis now brings this timely appeal of the trial court's grant of summary judgment in favor of Diggs.
 II.
In her first assignment of error, Lewis argues that:
 THE TRIAL COURT ERRED BY DISMISSING THE CASE UNDER OHIO RULE OF CIVIL PROCEDURE 56 WHEN A GENUINE ISSUE OF MATERIAL FACT REMAINS AS TO WHETHER THE REALTOR FAILED TO ADEQUATELY REPRESENT THE PURCHASER.
Summary judgment is appropriate when: 1) there is no genuine issue of material fact; 2) the movant is entitled to judgment as a matter of law; and 3) reasonable minds could come to but one conclusion and that conclusion is adverse to the party against whom the motion is made. Civ.R. 56(C); Harless v. Willis DayWarehousing Co. (1979), 54 Ohio St.2d 64, 8 O.O.3d 73,375 N.E.2d 046. All competing inferences and evidence must be construed in favor of the non-moving party in deciding a motion for summary judgment. Civ.R. 56(E); Anderson v. Liberty Lobby, Inc. (1986),477 U.S. 242, 256.
The party moving for summary judgment bears the initial burden. Drescher v. Burt (1996), 75 Ohio St.3d 280 (Justice Pfeifer concurring in judgment only, but agreeing with the majority opinion's limit of syllabus paragraph three in Wing v.Anchor Media, Ltd. Of Texas (1991), 59 Ohio St.3d 108). To satisfy this burden, the moving party need only inform the trial court of the foundation of its motion and identify portions of the record which demonstrate the absence of a genuine issue of material fact as to the essential elements of the nonmoving party's claims. Id. at 293. Although the movant does not need to negate or disprove the non-moving party's claims, the movant cannot discharge its initial burden by simply making a conclusory assertion that the non-moving party has no evidence to support its claims. Instead, the moving party must point to portions of the record that affirmatively demonstrate the opponent's lack of evidence to support its claims.
Once the moving party has satisfied its burden, the non-moving party has the reciprocal burden of setting forth specific facts illustrating that there is a genuine issue for trial. Where the non-moving party will bear the burden of proof at trial on a dispositive issue, the non-moving party must go beyond the pleadings and — by affidavits, depositions, answers to interrogatories, and admissions — designate specific facts showing that there is a genuine issue for trial. Id. If, after the non-moving party has had adequate time for discovery, the non-moving party is still unable to raise a genuine issue of material fact, the action should be disposed under summary judgment. With this standard in mind, this court will assess the merits of Lewis' fraud claim.
In order to prove fraud one must establish the following elements:
 (1) representation or, where there is a duty to disclose, concealment of a fact;
(2) which is material to the transaction at hand;
 (3) made falsely, with knowledge of its falsity, or with utter disregard and recklessness as to whether it is true or false that knowledge may be inferred;
 (4) with the intent of misleading another into relying upon it;
 (5) justifiable reliance upon the misrepresentation or concealment, and
 (6) a resulting injury proximately caused by the reliance.
Cohen v. Lamko, Inc. (1987), 10 Ohio St.3d 167.
We will first consider whether Diggs met her initial burden for summary judgment on Lewis' fraud claim. To satisfy her initial burden, Diggs pointed to Lewis' deposition testimony. In particular, Diggs pointed to Lewis' response to the question of whether she had "any information that led * * * [her] to believe that Cora [Diggs] knew if * * * [she] bought this house that * * * [she would] have these problems? Any Information?" Diggs pointed out that Lewis responded, "No." to that question. Diggs also offered her own affidavit in which she attests that "As of the time Annie Lewis made her purchase offer I was not aware of the existence of any material defect affecting the residence. I had been in the residence on a number of occasions and had not seen or experienced any condition that I considered a material defect."
We find that this evidence was sufficient to meet her initial burden of pointing to portions of the record that demonstrate an absence of a material question of fact. More specifically, we find that this evidence demonstrates the lack of a material question of fact as to whether Diggs represented that she did not need to obtain a home inspection because she knew or acted in utter disregard or recklessness of the latent defects in the home. Given that Diggs satisfied her burden, the burden shifted to Lewis to set forth specific facts demonstrating that there was a material fact for trial.
Lewis' fraud claim is based upon her allegation that Diggs knew or acted in reckless disregard of the latent defects in Moore's home. To meet her reciprocal burden on this claim, Lewis points out that Diggs told her that she did not need to obtain a home inspection because Moore's certificates indicated that everything "was up to date." Lewis also offers the following allegation to meet her burden: "Diggs is a Relator of approximately twenty (20) years and we must presuppose some knowledge to her concerning the certification and approval process of work performed on a residence." Finally, to satisfy her reciprocal burden, Lewis attempts to raise a genuine issue of material fact as to whether Diggs knew of the latent defects by pointing out that Moore offered Diggs an additional five hundred dollars if she obtained a ready, willing, and able purchaser and that Moore did in fact pay Diggs the additional five hundred dollars after Lewis purchased the house.
We find that this evidence is insufficient to raise a genuine issue of material fact that Diggs knew or acted with utter disregard and recklessness of the latent defect in Moore's home. Foremost, the fact that Diggs told Lewis that she did not need an inspection coupled with Moore's offer and payment of additional compensation, alone, does not raise a genuine issue of material fact that Diggs knew or acted with utter recklessness of the latent defects. We find this to be an attempt by Lewis to meet her reciprocal burden by speculating as to why Diggs said she would not need an inspection. Likewise, we find that any inference from this evidence that Diggs knew or acted with reckless disregard of the latent defects would be purely speculative.
To have satisfied her burden, Lewis would have had to point to specific portions of the record, such as affidavits, deposition testimony, or answers to interrogatories, that demonstrate, for example, that Diggs knew that the house was on the market for a long time, that any reasonable Relator would have been put on notice of latent defects because of the length the house has been on the market, that it was common knowledge among Relators that the house was defective, that the defects were disclosed to Diggs by another Relator, that the defects would have been apparent to a Relator of her experience, or that no other reasonable Relator would have suggested that the house not be inspected in absence of an intent to defraud. We do not suggest that this type of proof would have necessarily been sufficient to meet her reciprocal burden; rather this list is intended to be illustrative of the fact that Lewis completely failed to offer any proof of Diggs' knowledge or reckless disregard of the latent defects in the home.
Furthermore, Lewis' claim that Diggs should have known that one could not rely on the work approval certificates because of her experience is wholly unsubstantiated and speculative. Lewis has not offered any evidence demonstrating, for example, that an understanding of work certificates is part of a Relator's education. Even if Lewis had substantiated that Diggs should have known that one cannot rely on work approval certificates, however, Lewis has not raised a genuine issue of material fact that Diggs' misstatement was due to fraud rather than a mistake or incompetence.
Because Lewis failed to raise a genuine issue of material fact that Diggs knew or acted with reckless disregard of the latent defects in the home, we overrule this assignment of error. The judgment of the trial court is affirmed.
FAIN, J., concurs.